UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
KELVIN FRAZIER and ARIEL ALVAREZ,
on behalf of themselves and all others similarly
situated, and KENNETH HOYTE, individually,

                Plaintiffs,

     v.

LOOKS GREAT SERVICES, INC.,

                Defendant.
-----------------------------------------------------------------

**ANSWER**

Civil Action No. 24-cv-07364
(AYS)

      Defendant, Looks Great Services, Inc. ("LGS" or "the Company"), by its attorneys, Bond, Schoeneck & King, PLLC, answers the complaint as follows:

      1.      With respect to the allegations contained in paragraph 1 of the complaint, LGS **ADMITS** that it is a business that specializes in tree removal, tree pruning, and disaster cleanup among other services, **ADMITS** that it has contracts with public entities that require compliance with the New York State prevailing wage laws and payment schedules, and **ADMITS** that it has been in business for more than 20 years, but **DENIES** each and every other allegation contained therein.

      2.      With respect to the allegations contained in paragraph 2 of the complaint, LGS **ADMITS** that plaintiffs were formerly employed by the Company as crew members who performed various duties related to tree pruning, tree removal, and debris cleanup, but **DENIES** each and every other allegation contained therein.

      3.      LGS **ADMITS** the allegations contained in paragraph 3 of the complaint.

4.      With respect to the allegations contained in paragraph 4 of the complaint, LGS **ADMITS** that New York State law mandates that the applicable prevailing wage schedules be attached to public work contracts and posted at public work sites, but **DENIES** each and every other allegation contained therein.

5.      LGS **DENIES** the allegations contained in paragraph 5 of the complaint.

6.      LGS **DENIES** the allegations contained in paragraph 6 of the complaint.

7.      LGS **DENIES** the allegations contained in paragraph 7 of the complaint.

8.      LGS **DENIES** the allegations contained in paragraph 8 of the complaint.

9.      With respect to the allegations contained in paragraph 9 of the complaint, LGS **ADMITS** that plaintiffs purport to bring this lawsuit based on alleged violations of the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL"), and public work contracts, but **DENIES** that it committed any such violations, and further **DENIES** each and every other allegation contained therein.

10.     With respect to the allegations contained in paragraph 10 of the complaint, LGS **ADMITS** that plaintiffs Kelvin Frazier ("Frazier") and Ariel Alvarez ("Alvarez") purport to assert a collective action under the FLSA, but **DENIES** that plaintiffs' FLSA claim is appropriate for a collective action, and further **DENIES** each and every other allegation contained therein.

11.     With respect to the allegations contained in paragraph 11 of the complaint, LGS **ADMITS** that plaintiffs purport to assert several claims as class action claims, but **DENIES** that plaintiffs' claims are appropriate for a class action, and further **DENIES** each and every other allegation contained therein.

12.     With respect to the allegations contained in paragraph 12 of the complaint, LGS **ADMITS** that this Court has subject matter jurisdiction over plaintiffs' FLSA claim pursuant to 28 U.S.C. § 1331, but **DENIES** each and every other allegation contained therein.

13.     With respect to the allegations contained in paragraph 13 of the complaint, LGS **ADMITS** that venue is proper in the Eastern District of New York to the extent that this Court has subject matter jurisdiction over plaintiffs' claims, but **DENY** each and every other allegation contained therein.

14.     LGS **DENIES** the allegations contained in paragraph 14 of the complaint.

15.     LGS **ADMITS** the allegations contained in paragraph 15 of the complaint.

16.     LGS **ADMITS** the allegations contained in paragraph 16 of the complaint.

17.     LGS **ADMITS** the allegations contained in paragraph 17 of the complaint.

18.     LGS **ADMITS** the allegations contained in paragraph 18 of the complaint.

19.    LGS **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief regarding the truth of the allegations contained in paragraph 19 of the complaint.

20.    With respect to the allegations contained in paragraph 20 of the complaint, LGS **ADMITS** that Frazier was an employee of the Company pursuant to the FLSA and NYLL during various time periods, but **DENIES** that Frazier is currently an employee of the Company pursuant to the FLSA and NYLL, and further **DENIES** each and every other allegation contained therein.

21.    With respect to the allegations contained in paragraph 21 of the complaint, LGS **ADMITS** that Frazier was a "laborer, worker, or mechanic" covered by NYLL § 220 during various time periods, but **DENIES** that Frazier is currently a "laborer, worker, or mechanic" covered by NYLL § 220, and further **DENIES** each and every other allegation contained therein.

22.    LGS **DENIES** the allegations contained in paragraph 22 of the complaint.

23.    LGS **DENIES** the allegations contained in paragraph 23 of the complaint.

24.    LGS **DENIES** the allegations contained in paragraph 24 of the complaint.

25.    LGS **DENIES** the allegations contained in paragraph 25 of the complaint.

26.    LGS **DENIES** the allegations contained in paragraph 26 of the complaint.

27.    With respect to the allegations contained in paragraph 27 of the complaint, LGS **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief regarding when Frazier obtained a class B commercial driver's license, and **DENIES** each and every other allegation contained therein.

28.    LGS **DENIES** the allegations contained in paragraph 28 of the complaint.

29.    With respect to the allegations contained in paragraph 29 of the complaint, LGS **ADMITS** that Frazier worked a total of 44.25 hours during the week of April 20 to April 26, 2020, but **DENIES** that all of those hours were on public work sites requiring the payment of prevailing wages, **ADMITS** that Frazier was paid for 34.78 hours at the applicable Groundman rate of $21.45 per hour during that work week, and **ADMITS** that Frazier was paid for his 4.25 hours of overtime at $22.50 per hour, but **DENIES** each and every other allegation contained therein.

30.    With respect to the allegations contained in paragraph 30 of the complaint, LGS **ADMITS** that Frazier complained about not receiving the correct wage rate for certain work on public work projects, **ADMITS** that LGS consulted with the Bureau of Public Work regarding Frazier's complaint, and **ADMITS** that LGS paid Frazier back pay and paid Frazier at the correct rate for all work performed after his complaint pursuant to advice received from the Bureau of Public Work, but **DENIES** each and every other allegation contained therein.

31.    With respect to the allegations contained in paragraph 31 of the complaint, LGS **ADMITS** that Frazier clocked in each day as a Groundman because that was his primary position, and **ADMITS** that Frazier received one hour of pay at the

5

applicable Operating Engineer rate for each day that he operated heavy machinery for less than one hour, but **DENIES** each and every other allegation contained therein.

32.     With respect to the allegations contained in paragraph 32 of the complaint, LGS **ADMITS** that Frazier received one hour of pay at the applicable Operating Engineer rate for each day that he operated heavy machinery for less than one hour, but **DENIES** each and every other allegation contained therein.

33.     With respect to the allegations contained in paragraph 33 of the complaint, LGS **ADMITS** that Frazier worked a total of 43.43 hours during the week of February 13 to February 19, 2023, but **DENIES** that all of those hours were on public work sites requiring the payment of prevailing wages, and **ADMITS** that Frazier received one hour of pay at the applicable Operating Engineer rate for each day that he operated heavy machinery for less than one hour, but **DENIES** each and every other allegation contained therein.

34.     LGS **DENIES** the allegations contained in paragraph 34 of the complaint.

35.     LGS **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief regarding the truth of the allegations contained in paragraph 35 of the complaint.

36.     With respect to the allegations contained in paragraph 36 of the complaint, LGS **ADMITS** that Alvarez was an employee of the Company pursuant to the FLSA and NYLL during various time periods, but **DENIES** that Alvarez is currently an employee of the Company pursuant to the FLSA and NYLL, and further **DENIES** each and every other allegation contained therein.

6

37.     With respect to the allegations contained in paragraph 37 of the complaint, LGS **ADMITS** that Alvarez was a "laborer, worker, or mechanic" covered by NYLL § 220 during various time periods, but **DENIES** that Alvarez is currently a "laborer, worker, or mechanic" covered by NYLL § 220, and further **DENIES** each and every other allegation contained therein.

38.     LGS **ADMITS** the allegations contained in paragraph 38 of the complaint.

39.     LGS **DENIES** the allegations contained in paragraph 39 of the complaint.

40.     LGS **DENIES** the allegations contained in paragraph 40 of the complaint.

41.     LGS **DENIES** the allegations contained in paragraph 41 of the complaint.

42.     With respect to the allegations contained in paragraph 42 of the complaint, LGS **ADMITS** that Alvarez worked on public work sites requiring the payment of prevailing wages for a total of 35.05 hours, but **DENIES** each and every other allegation contained therein.

43.     With respect to the allegations contained in paragraph 43 of the complaint, LGS **ADMITS** that Alvarez intermittently operated certain types of heavy equipment and occasionally trimmed trees beginning in March of 2022, but **DENIES** each and every other allegation contained therein.

44.     LGS **DENIES** the allegations contained in paragraph 44 of the complaint.

45.    With respect to the allegations contained in paragraph 45 of the complaint, LGS **ADMITS** that Alvarez worked a total of 43.75 hours during the week of March 14 to March 20, 2022, but **DENIES** that all of those hours were on public work sites requiring the payment of prevailing wages, and **ADMITS** that Alvarez was paid for 32.50 hours at the applicable Groundman rate of $22.09 during that work week, but **DENIES** each and every other allegation contained therein.

46.    LGS **DENIES** the allegations contained in paragraph 46 of the complaint.

47.    LGS **DENIES** the allegations contained in paragraph 47 of the complaint.

48.    LGS **DENIES** the allegations contained in paragraph 48 of the complaint.

49.    With respect to the allegations contained in paragraph 49 of the complaint, LGS **ADMITS** that there was a discussion in or around June of 2022 during a morning meeting regarding how employees would be paid when operating heavy equipment, but **DENIES** each and every other allegation contained therein.

50.    LGS **DENIES** the allegations contained in paragraph 50 of the complaint.

51.    LGS **DENIES** the allegations contained in paragraph 51 of the complaint.

52.    With respect to the allegations contained in paragraph 52 of the complaint, LGS **ADMITS** that Alvarez received one hour of pay at the applicable

Operating Engineer rate for each day that he operated heavy machinery for less than one hour, but **DENIES** each and every other allegation contained therein.

53.    LGS **ADMITS** the allegations contained in paragraph 53 of the complaint.

54.    With respect to the allegations contained in paragraph 54 of the complaint, LGS **ADMITS** that Alvarez received one hour of pay at the applicable Operating Engineer rate during the week of September 19 to September 25, 2022, because his time sheet reflected the operation of heavy machinery only on September 23, 2022, but **DENIES** each and every other allegation contained therein.

55.    LGS **DENIES** the allegations contained in paragraph 55 of the complaint.

56.    LGS **DENIES** the allegations contained in paragraph 56 of the complaint.

57.    LGS **DENIES** the allegations contained in paragraph 57 of the complaint.

58.    LGS **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief regarding the truth of the allegations contained in paragraph 58 of the complaint.

59.    With respect to the allegations contained in paragraph 59 of the complaint, LGS **ADMITS** that plaintiff Kenneth Hoyte ("Hoyte") was an employee of the Company pursuant to the FLSA and NYLL for a period of time, but **DENIES** that Hoyte is currently an employee of the Company pursuant to the FLSA and NYLL, and further **DENIES** each and every other allegation contained therein.

18828316.v1-12/20/24

60.     With respect to the allegations contained in paragraph 60 of the complaint, LGS **ADMITS** that Hoyte was a "laborer, worker, or mechanic" covered by NYLL § 220 for a period of time, but **DENIES** that Hoyte is currently a "laborer, worker, or mechanic" covered by NYLL § 220, and further **DENIES** each and every other allegation contained therein.

61.     LGS **DENIES** the allegations contained in paragraph 61 of the complaint.

62.     LGS **DENIES** the allegations contained in paragraph 62 of the complaint.

63.     LGS **DENIES** the allegations contained in paragraph 63 of the complaint.

64.     LGS **ADMITS** the allegations contained in paragraph 64 of the complaint.

65.     LGS **DENIES** the allegations contained in paragraph 65 of the complaint.

66.     With respect to the allegations contained in paragraph 66 of the complaint, LGS **ADMITS** that Hoyte received one hour of pay at the applicable Operating Engineer rate for each day that he operated heavy machinery for less than one hour, but **DENIES** each and every other allegation contained therein.

67.     With respect to the allegations contained in paragraph 67 of the complaint, LGS **ADMITS** that Hoyte worked a total of 42.27 hours during the week of April 17 to April 23, 2023, but **DENIES** that all of those hours were on public work sites requiring the payment of prevailing wages, and **ADMITS** that Hoyte was paid as set

10

forth in paragraph 67 of the complaint, but **DENIES** each and every other allegation contained therein.

68.     With respect to the allegations contained in paragraph 68 of the complaint, LGS **ADMITS** that Hoyte received 29.83 hours of pay at the applicable Groundman rate and one hour of pay at the applicable Operating Engineer rate during the week of April 17 to April 23, 2023, because his time sheet reflected the operation of a stump grinder only on April 17, 2023, but **DENIES** each and every other allegation contained therein.

69.     LGS **DENIES** the allegations contained in paragraph 69 of the complaint.

70.     LGS **ADMITS** the allegations contained in paragraph 70 of the complaint.

71.     LGS **ADMITS** the allegations contained in paragraph 71 of the complaint.

72.     LGS **ADMITS** the allegations contained in paragraph 72 of the complaint.

73.     LGS **ADMITS** the allegations contained in paragraph 73 of the complaint.

74.     LGS **ADMITS** the allegations contained in paragraph 74 of the complaint.

75.     LGS **ADMITS** the allegations contained in paragraph 75 of the complaint.

76.     LGS **ADMITS** the allegations contained in paragraph 76 of the complaint.

77.     LGS **ADMITS** the allegations contained in paragraph 77 of the complaint.

78.     LGS **ADMITS** the allegations contained in paragraph 78 of the complaint.

79.     LGS **ADMITS** the allegations contained in paragraph 79 of the complaint.

80.     LGS **ADMITS** the allegations contained in paragraph 80 of the complaint.

81.     LGS **ADMITS** the allegations contained in paragraph 81 of the complaint.

82.     With respect to the allegations contained in paragraph 82 of the complaint, LGS **ADMITS** that Marcus Pitts ("Pitts") manages the crew members, but **DENIES** each and every other allegation contained therein.

83.     LGS **ADMITS** the allegations contained in paragraph 83 of the complaint.

84.     With respect to the allegations contained in paragraph 84 of the complaint, LGS **ADMITS** that Marcus Pitts ("Pitts") was responsible for supervising and managing the Company's day-to-day operations in the Long Island region, but **DENIES** each and every other allegation contained therein.

85.     LGS **ADMITS** the allegations contained in paragraph 85 of the complaint.

18828316.v1-12/20/24

86.    LGS **ADMITS** the allegations contained in paragraph 86 of the complaint.

87.    LGS **ADMITS** the allegations contained in paragraph 87 of the complaint.

88.    With respect to the allegations contained in paragraph 88 of the complaint, LGS **ADMITS** that Pitts determined the hourly wage rate received by each employee on private projects, but **DENIES** each and every other allegation contained therein.

89.    LGS **ADMITS** the allegations contained in paragraph 89 of the complaint.

90.    LGS **ADMITS** the allegations contained in paragraph 90 of the complaint.

91.    LGS **ADMITS** the allegations contained in paragraph 91 of the complaint.

92.    LGS **ADMITS** the allegations contained in paragraph 92 of the complaint.

93.    LGS **ADMITS** the allegations contained in paragraph 93 of the complaint.

94.    LGS **ADMITS** the allegations contained in paragraph 94 of the complaint.

95.    LGS **ADMITS** the allegations contained in paragraph 95 of the complaint.

96.     LGS **ADMITS** the allegations contained in paragraph 96 of the complaint.

97.     LGS **ADMITS** the allegations contained in paragraph 97 of the complaint.

98.     LGS **ADMITS** the allegations contained in paragraph 98 of the complaint.

99.     With respect to the allegations contained in paragraph 99 of the complaint, LGS **ADMITS** that plaintiffs Frazier and Alvarez purport to assert a collective action under the FLSA, but **DENIES** that plaintiffs' FLSA claim is appropriate for a collective action, and further **DENIES** each and every other allegation contained therein.

100.    With respect to the allegations contained in paragraph 100 of the complaint, LGS **ADMITS** that plaintiffs purport to define the members of the collective action in paragraph 10 of the complaint, but **DENIES** that plaintiffs' FLSA claim is appropriate for a collective action, and further **DENIES** each and every other allegation contained therein.

101.    LGS **DENIES** the allegations contained in paragraph 101 of the complaint.

102.    LGS **DENIES** the allegations contained in paragraph 102 of the complaint.

103.    LGS **DENIES** the allegations contained in paragraph 103 of the complaint.

104.    LGS **DENIES** the allegations contained in paragraph 104 of the complaint.

105.    LGS **DENIES** the allegations contained in paragraph 105 of the complaint.

106.    LGS **DENIES** the allegations contained in paragraph 106 of the complaint.

107.    LGS **ADMITS** the allegations contained in paragraph 107 of the complaint.

108.    LGS **DENIES** the allegations contained in paragraph 108 of the complaint.

109.    LGS **DENIES** the allegations contained in paragraph 109 of the complaint.

110.    With respect to the allegations contained in paragraph 110 of the complaint, LGS **ADMITS** that plaintiffs purport to assert several claims as class action claims, but **DENIES** that plaintiffs' claims are appropriate for a class action, and further **DENIES** each and every other allegation contained therein.

111.    With respect to the allegations contained in paragraph 111 of the complaint, LGS **ADMITS** that plaintiffs purport to define the members of the class action in paragraph 11 of the complaint, but **DENIES** that plaintiffs' claims are appropriate for a class action, and further **DENIES** each and every other allegation contained therein.

112.    With respect to the allegations contained in paragraph 112 of the complaint, LGS **ADMITS** that the individuals set forth therein are excluded from the purported class, but **DENIES** that those are the only individuals who should be excluded from the purported class, and further **DENIES** each and every other allegation contained therein.

113.    With respect to the allegations contained in paragraph 113 of the complaint, LGS **ADMITS** that it was aware of the work performed by plaintiffs as reported on their time records, but **DENIES** each and every other allegation contained therein.

114.    LGS **DENIES** the allegations contained in paragraph 114 of the complaint.

115.    LGS **DENIES** the allegations contained in paragraph 115 of the complaint.

116.    LGS **DENIES** the allegations contained in paragraph 116 of the complaint.

117.    LGS **ADMITS** the allegations contained in paragraph 117 of the complaint.

118.    With respect to the allegations contained in paragraph 118 of the complaint, LGS **ADMITS**, upon information and belief, that plaintiffs are represented by counsel experienced and competent in class litigation and employment litigation, but **DENIES** each and every other allegation contained therein.

119.    LGS **DENIES** the allegations contained in paragraph 119 of the complaint.

120.    LGS **DENIES** the allegations contained in paragraph 120 of the complaint.

121.    LGS **DENIES** the allegations contained in paragraph 121 of the complaint.

122.    LGS **DENIES** the allegations contained in paragraph 122 of the complaint.

123.    With respect to the allegations contained in paragraph 123 of the complaint, LGS **ADMITS** that plaintiffs were formerly employed by the Company as crew members, and **ADMITS** that plaintiffs performed work pursuant to public work contracts covered by New York State prevailing wage laws, but **DENIES** each and every other allegation contained therein.

124.    LGS **ADMITS** the allegations contained in paragraph 124 of the complaint.

125.    LGS **ADMITS** the allegations contained in paragraph 125 of the complaint.

126.    LGS **ADMITS** the allegations contained in paragraph 126 of the complaint.

127.    LGS **ADMITS**, upon information and belief, the allegations contained in paragraph 127 of the complaint.

128.    LGS **ADMITS**, upon information and belief, the allegations contained in paragraph 128 of the complaint.

129.    With respect to the allegations contained in paragraph 129 of the complaint, LGS **ADMITS** that plaintiffs spent some time operating heavy machinery during their employment with the Company, but **DENIES** each and every other allegation contained therein.

130.    With respect to the allegations contained in paragraph 130 of the complaint, LGS **ADMITS** that there is a prevailing wage classification of Operating

Engineer that involves the operation of heavy machinery, and **ADMITS** that the Operating Engineer classification is different from the Groundman classification, but **DENIES** each and every other allegation contained therein.

131.    LGS **ADMITS** the allegations contained in paragraph 131 of the complaint.

132.    With respect to the allegations contained in paragraph 132 of the complaint, LGS **ADMITS** that the Operating Engineer wage rates are higher than the Groundman wage rate in the prevailing wage schedules, but **DENIES** each and every other allegation contained therein.

133.    LGS **DENIES** the allegations contained in paragraph 133 of the complaint.

134.    LGS **DENIES** the allegations contained in paragraph 134 of the complaint.

135.    LGS **DENIES** the allegations contained in paragraph 135 of the complaint.

136.    LGS **DENIES** the allegations contained in paragraph 136 of the complaint.

137.    With respect to the allegations contained in paragraph 137 of the complaint, LGS **ADMITS** that plaintiffs received one hour of pay at the applicable Operating Engineer rate for each day that they operated heavy machinery for less than one hour, but **DENIES** each and every other allegation contained therein.

138.    LGS **DENIES** the allegations contained in paragraph 138 of the complaint.

139.    LGS **ADMITS** the allegations contained in paragraph 139 of the complaint.

140.    LGS **DENIES** the allegations contained in paragraph 140 of the complaint.

141.    LGS **DENIES** the allegations contained in paragraph 141 of the complaint.

142.    LGS **DENIES** the allegations contained in paragraph 142 of the complaint.

143.    LGS **DENIES** the allegations contained in paragraph 143 of the complaint.

144.    LGS **DENIES** the allegations contained in paragraph 144 of the complaint.

145.    LGS **DENIES** the allegations contained in paragraph 145 of the complaint.

146.    LGS **DENIES** the allegations contained in paragraph 146 of the complaint.

147.    LGS **DENIES** the allegations contained in paragraph 147 of the complaint.

148.    LGS **DENIES** the allegations contained in paragraph 148 of the complaint.

149.    LGS **DENIES** the allegations contained in paragraph 149 of the complaint.

150.    LGS **DENIES** the allegations contained in paragraph 150 of the complaint.

151.    LGS **DENIES** the allegations contained in paragraph 151 of the complaint.

152.    LGS **DENIES** the allegations contained in paragraph 152 of the complaint.

153.    With respect to the allegations contained in paragraph 153 of the complaint, LGS **ADMITS** that it has been a commercial tree contractor for over 20 years, **ADMITS** that it has bid and worked on multiple multi-million-dollar public work contracts, and **ADMITS** that the prevailing wage schedules are sometimes attached to the public work contracts, but **DENIES** each and every other allegation contained therein.

154.    LGS **ADMITS** the allegations contained in paragraph 154 of the complaint.

155.    LGS **DENIES** the allegations contained in paragraph 155 of the complaint.

156.    LGS **DENIES** the allegations contained in paragraph 156 of the complaint.

157.    With respect to the allegations contained in paragraph 157 of the complaint, LGS **ADMITS** that plaintiffs received one hour of pay at the applicable Operating Engineer rate for each day that they operated heavy machinery for less than one hour, but **DENIES** each and every other allegation contained therein.

158.    With respect to the allegations contained in paragraph 158 of the complaint, LGS **ADMITS** that plaintiffs received one hour of pay at the applicable Operating Engineer rate for each day that they operated heavy machinery for less than one hour, but **DENIES** each and every other allegation contained therein.

159.    LGS **DENIES** the allegations contained in paragraph 159 of the complaint.

160.    With respect to the allegations contained in paragraph 160 of the complaint, LGS **ADMITS** that a group of employees sued the Company in 2014 for alleged failure to pay overtime wages under the FLSA, but **DENIES** that there was a determination that the Company was liable for any alleged violation of the FLSA or any other federal or state law in that case, and further **DENIES** each and every other allegation contained therein.

161.    LGS **ADMITS** the allegations contained in paragraph 161 of the complaint.

162.    With respect to the allegations incorporated by reference in paragraph 162 of the complaint, LGS **RESPONDS TO** those allegations in the same manner set forth above.

163.    With respect to the allegations contained in paragraph 163 of the complaint, LGS **ADMITS** that plaintiffs were non-exempt employees of the Company who were entitled to overtime compensation for all hours worked over 40 in a work week, but **DENIES** each and every other allegation contained therein.

164.    LGS **DENIES** the allegations contained in paragraph 164 of the complaint.

165.    LGS **ADMITS**, upon information and belief, the allegations contained in paragraph 165 of the complaint.

166.    LGS **DENIES** the allegations contained in paragraph 166 of the complaint.

167.    LGS **DENIES** the allegations contained in paragraph 167 of the complaint.

168.    LGS **DENIES** the allegations contained in paragraph 168 of the complaint.

169.    With respect to the allegations incorporated by reference in paragraph 169 of the complaint, LGS **RESPONDS TO** those allegations in the same manner set forth above.

170.    LGS **DENIES** the allegations contained in paragraph 170 of the complaint.

171.    LGS **DENIES** the allegations contained in paragraph 171 of the complaint.

172.    LGS **DENIES** the allegations contained in paragraph 172 of the complaint.

173.    LGS **DENIES** the allegations contained in paragraph 173 of the complaint.

174.    LGS **DENIES** the allegations contained in paragraph 174 of the complaint.

175.    LGS **DENIES** the allegations contained in paragraph 175 of the complaint.

176.    With respect to the allegations incorporated by reference in paragraph 176 of the complaint, LGS **RESPONDS TO** those allegations in the same manner set forth above.

177.    LGS **DENIES** the allegations contained in paragraph 177 of the complaint.

178.    LGS **DENIES** the allegations contained in paragraph 178 of the complaint.

179.    LGS **DENIES** the allegations contained in paragraph 179 of the complaint.

180.    LGS **DENIES** the allegations contained in paragraph 180 of the complaint.

181.    LGS **DENIES** the allegations contained in paragraph 181 of the complaint.

182.    LGS **DENIES** the allegations contained in paragraph 182 of the complaint.

183.    With respect to the allegations incorporated by reference in paragraph 183 of the complaint, LGS **RESPONDS TO** those allegations in the same manner set forth above.

184.    With respect to the allegations contained in paragraph 184 of the complaint, LGS **ADMITS** that the public work contracts entered into by the Company included the prevailing wage schedules applicable to those contracts, but **DENIES** each and every other allegation contained therein.

185.    With respect to the allegations contained in paragraph 185 of the complaint, LGS **ADMITS** that the inclusion of the prevailing wage schedules in the public work contracts was for the benefit of the employees who performed work on those contracts, but **DENIES** each and every other allegation contained therein.

186.    LGS **DENIES** the allegations contained in paragraph 186 of the complaint.

187.    LGS **DENIES** the allegations contained in paragraph 187 of the complaint.

188.    With respect to the allegations incorporated by reference in paragraph 188 of the complaint, LGS **RESPONDS TO** those allegations in the same manner set forth above.

189.    LGS **DENIES** the allegations contained in paragraph 189 of the complaint.

190.    LGS **DENIES** the allegations contained in paragraph 190 of the complaint.

191.    LGS **DENIES** that plaintiffs are entitled to any of the relief sought in the Prayer for Relief portion of the complaint.

192.    LGS **DENIES** each and every other allegation contained in the complaint not specifically admitted above.

## **FIRST AFFIRMATIVE DEFENSE**

193.    Plaintiffs fail to state any causes of action upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

194.    This Court lacks supplemental jurisdiction over plaintiffs' NYLL and New York State common law breach of contract claims pursuant to 28 U.S.C. § 1367 because plaintiffs' state law claims are not sufficiently related to their FLSA claims and because the state law claims predominate over plaintiffs' FLSA claims.

**THIRD AFFIRMATIVE DEFENSE**

195.    Plaintiffs' claims are barred to the extent that they are, in whole or in part, outside the applicable statutes of limitations.

**FOURTH AFFIRMATIVE DEFENSE**

196.    Plaintiffs' claims for damages under the NYLL are barred or limited because the Company had a good faith belief that it is and was complying with all applicable provisions of the FLSA and NYLL, and due to the Company's good faith reliance on guidance received by representatives of the New York State Department of Labor's Bureau of Public Work.

**FIFTH AFFIRMATIVE DEFENSE**

197.    Plaintiffs' claims that the Company committed willful violations of the FLSA and NYLL are deficient because the Company did not willfully violate the FLSA or NYLL.

## SIXTH AFFIRMATIVE DEFENSE

198.   Plaintiffs' claims are barred, or plaintiffs' alleged damages should be reduced, to the extent that plaintiffs were paid extra compensation to which they were not legally entitled, which is creditable toward or a setoff against the alleged damages sought in their complaint.

## SEVENTH AFFIRMATIVE DEFENSE

199.   This case is not appropriate for a collective action under the FLSA because plaintiffs are not similarly situated to other members of the purported collective action and plaintiffs have not satisfied some or all of the other requirements to assert a collective action under the FLSA.

## EIGHTH AFFIRMATIVE DEFENSE

200.   Plaintiffs do not satisfy the requirements to assert a class action under Rule 23 of the Federal Rules of Civil Procedure.

## NINTH AFFIRMATIVE DEFENSE

201.   Plaintiffs are barred from pursuing a putative class action in connection with their state law claims under New York Civil Practice Law and Rules § 901(b).

**TENTH AFFIRMATIVE DEFENSE**

202.    Plaintiffs' claim for alleged failure to provide accurate wage statements is deficient because the Company made complete and timely payment of all wages due, and provided wage statements reflecting all information required by NYLL § 195.

**ELEVENTH AFFIRMATIVE DEFENSE**

203.    Plaintiffs lack standing to assert a common law breach of contract claim against the Company because plaintiffs did not have a contract with the Company and were not parties to any of the contracts entered into by the Company with public entities.

**TWELFTH AFFIRMATIVE DEFENSE**

204.    Plaintiffs' claims are barred by the doctrine of estoppel to the extent that they falsely reported their hours worked.

Dated:  December 20, 2024                         Respectfully submitted,

                                                                   BOND, SCHOENECK & KING, PLLC

                                                                   By:  /s/ Giuseppe Franzella
                                                                          Giuseppe Franzella, Esq.
                                                                   Attorneys for Defendant
                                                                   225 Old Country Road
                                                                   Melville, New York 11747-2719
                                                                   Telephone:  (631) 761-0814
                                                                   E-Mail:  gfranzella@bsk.com

18828316.v1-12/20/24

TO:    KESSLER MATURA PC
       Troy Kessler, Esq.
       Garrett Kaske, Esq.
       Benjamin A. Goldstein, Esq.
       Attorneys for Plaintiffs
       534 Broadhollow Road, Suite 275
       Melville, New York 11747
       Telephone:  (631) 499-9100
       E-Mail:  tkessler@kesslermatura.com
       E-Mail:  gkaske@kesslermatura.com
       E-Mail:  bgoldstein@kesslermatura.com

18828316.v1-12/20/24