

February 3, 2025

**Via ECF**
Honorable Anne Y. Shields
United States Magistrate Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

    **Re:** *Frazier et al. v. Looks Great Services, Inc.*
          Case No. 24 Civ. 7364 (E.D.N.Y.)

Dear Judge Shields:

    Kessler Matura, P.C., counsel for Plaintiffs, writes jointly with Defendant to provide the Court with this Initial Joint Letter and the attached proposed Order in FLSA Case Requiring Discovery and Setting Initial Pretrial Schedule.

1. **Case Name**: *Frazier et al v. Looks Great Services, Inc.*, Case No. 24 Civ. 7364 (E.D.N.Y.)

2. **Jurisdiction**: This Court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 29 U.S.C. § 216(b) based on claims under the Fair Labor Standards Act. The Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367(a).

3. **Service Status**: Defendant has been served with the Complaint and has filed an Answer.

4. **Counterclaims/Crossclaims**: None.

5. **Facts of Case**: This is a wage-and-hour case brought as a putative class and collective action by Plaintiffs Kelvin Frazier, Ariel Alvarez, and Kenneth Hoyte against Defendant Looks Great Services, Inc. ("LGS"). LGS is a commercial tree contractor that handles disaster cleanup, tree removal, and pruning for private entities, municipalities, and state agencies. Plaintiffs worked as Crew Members for LGS, performing tasks such as removing storm debris, cutting down trees, pruning, and operating heavy machinery including knuckle boom trucks, brush grinders, skid loaders, and bucket trucks.

The majority of LGS's revenue comes from Public Work Contracts which require payment of prevailing wages. Plaintiffs allege that LGS systematically circumvented prevailing wage laws by requiring Crew Members to clock in as "Groundmen" (the lowest-paying classification) even when operating heavy machinery that commanded higher prevailing wage rates. Additionally, Plaintiffs allege that LGS failed to properly

Hon. Anne Y. Shields, U.S.M.J.
Re: *Frazier et al. v. Looks Great Services*,
February 3, 2025
Page 2 of 2

      calculate overtime rates by not including all wages earned when determining the regular rate of pay for overtime purposes.

      Defendant asserts that, without limitation, its classification of the work performed by Crew Members was proper and lawful, at all times, and that it paid overtime at the proper rates. Moreover, Defendant asserts that, in classifying work performed by Crew Members, the Company relied on guidance received directly from representatives of the New York State Department of Labor's Bureau of Public Work. Further, the Company asserts that the current Plaintiffs falsified reports of hours worked.

6. **HIPAA Authorizations**: Not applicable to this case.

7. **Paper Discovery Exchange**: The Parties will follow the proposed Order in FLSA Case Requiring Discovery and Setting Initial Pretrial Schedule (attached as Exhibit A).

8. **Next Status Conference**: The Parties will file a status report as set forth in paragraph 4 of the attached.

9. **Magistrate Judge Consent**: The Parties have discussed the issue of consent to the jurisdiction of the Magistrate Judge and can confirm that Parties do not consent to the jurisdiction of the Magistrate Judge for all purposes.

Thank you for the Court's consideration of this matter.

                                                                       Respectfully submitted,

                                                                        Garrett Kaske

cc: Counsel of Record (via ECF)