

August 13, 2026

**Via ECF**
Hon. Anne Y. Shields, U.S.M.J.
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re:     ***Frazier v. Looks Great Services, Inc.***
        **Case No. 24 Civ. 7364 (JS)(AYS)**

Dear Judge Shields:

As per the Court's Law Clerk instructions on August 12, Plaintiffs request a pre-motion conference on their anticipated motion to compel discovery.  Plaintiffs seek time records and certified payroll records for the entire prospective class.  Defendant will only produce records for named Plaintiffs.  Plaintiffs ask the Court to grant a conference or otherwise order Defendants to produce the documents under Fed. R. Civ. P. 37(a).

**I.      Plaintiffs Exhausted Their Attempts to Resolve This Without Court Intervention.**

Plaintiffs served document requests on November 25, 2025.  Although the Tier Two Discovery Plan and Scheduling Order required Defendant to respond on January 9 (*see* Sched. Ord., Oct. 15, 2025 (adopting ECF No. 23)), Defendant did not serve responses until February 6. *See* Ex. A (Def.'s Resps.).  After Plaintiffs raised deficiencies by letter on February 9, Defendant amended its responses (Ex. B (Amd. Resps.)) and made two other productions.  Plaintiffs then wrote Defendant and discussed the outstanding issues on March 6.  Before calling the Court, Defendant advised of a change in counsel.  *See* ECF Nos. 24 (Sub. of Counsel); 27 (Mot. for Ext.).

Plaintiffs' counsel conferred with Defendant's current counsel on May 11, and Defendant made two subsequent productions.  After Plaintiffs wrote Defendant on July 15 to address the instant deficiencies, the Parties exchanged positions by email and during a final discussion on August 10.  The dispute remains.

**KESSLER MATURA P.C.** | 534 Broadhollow Road, Suite 275, Melville, New York 11747 | Tel 631.499.9100 | Fax 631.499.9120
www.kesslermatura.com

Hon. Anne Y. Shields
*Re:  Frazier v. Looks Great Services, Inc.*
August 13, 2026
Page 2 of 3

**II.        Defendant Must Produce Documents for the Entire Class.**

Plaintiffs seek class-wide time and payroll documents.  *See* Ex. B (Amd. Resps.) ¶¶ 7, 8, 12.  Defendant produced time records only for named Plaintiffs.  Its certified payroll production is also limited to named Plaintiffs, with Class Member information redacted.

Plaintiffs are entitled to have enough discovery to "have a realistic opportunity to meet the Rule 23(a) requirements[.]"  *Singh v. Anmol Food Mart, Inc.*, No. 22 Civ. 5475, 2024 WL 308241, at *5 (E.D.N.Y. Jan. 26, 2024) (cleaned up).  To certify a class, Plaintiffs must demonstrate commonality, typicality, and superiority, which will all turn on comparing Plaintiffs' time and pay information to that of the putative Class.  *See Marin v. Apple-Metro, Inc.*, No. 12 Civ. 5274, 2023 WL 2060133, at *3-5 (E.D.N.Y. Feb. 8, 2023) (compelling class-wide time and earnings data); *Thompson v. Global Contact Servs., LLC*, No. 20 Civ. 651, 2021 WL 1103029, at *1-2 (E.D.N.Y. Feb. 16, 2021) (same).

Defendant's refusal to produce class-wide documents lacks merit.  Tier Two discovery includes both merits and class discovery.  *See Fulton v. City of New York,* No. 20 Civ. 144, 2023 WL 130826, at *2 (E.D.N.Y. Jan. 9, 2023) (recent decisions have "emphasize[d] the importance of adjudicating a class motion only after class-related discovery is complete, discovery that often overlaps substantially with the merits" (cleaned up)).  Because Plaintiffs allege that they and the putative Class were not paid overtime at the proper mathematical rate (*see, e.g.*, ECF No. 1 (Compl.) ¶¶ 33-34, 42-46, 139-141), the time and payroll records are essential to show that their unified claims can be resolved collectively.  *See* Ex. C (Sample OT Docs.).  Likewise, Plaintiffs claim that they were paid as Groundsmen for most of their working hours instead of the higher Operating Engineer rates.  *See, e.g.*, ECF No. 1 (Compl.) ¶¶ 31-33, 41-45, 134-137.  Plaintiffs

Hon. Anne Y. Shields
*Re: Frazier v. Looks Great Services, Inc.*
August 13, 2026
Page 3 of 3

intend to provide that their claims are united with the putative Class Members by, inter alia, comparing the time records that show Operating Engineer jobs being recorded and payroll records showing those rates being paid for less than the recorded time. *See* Ex. D (Sample PW Docs.).

Defendant has also waived its objections by failing to respond on time and submitting boilerplate objections. *See* Exs. A (Def.'s Resps.) (providing no explanations for objections), B (Amd. Resps.) (listing no individual objections except to Response No. 40); *see also Tedaldi v. Amer. Paving Inc.*, No. 24 Civ. 5011, 2025 WL 1349033, at *2 (E.D.N.Y. Apr. 23, 2025) (waiver); *United States v. Veeraswamy*, 347 F.R.D. 591, 600 (E.D.N.Y. 2024) (boilerplate, general objections not permitted).

**III.    Defendants Must Supplement Prior Investigations and Lawsuits (Reqs. 20, 33-35).**

Defendant produced publicly available documents from a prior lawsuit, but did not provide any discovery responses, deposition transcripts, sworn statements, or settlement agreements from the prior lawsuit or comprehensive documentation of their prior Department of Labor investigations and prosecution by Suffolk County. These documents speak to employer knowledge. *See Valdez v. John Doe Corp. 1*, No. 16 Civ. 4371, tr. 7:6-20 (E.D.N.Y. Apr. 4, 2017) (ECF No. 28) (denying motion to quash subpoena for prior litigation files).

\*     \*     \*     \*

Plaintiffs respectfully request a pre-motion conference or in the alternative that the Court compel production of the requested payroll and time records. Thank you for Your Honor's consideration of this matter.

Respectfully submitted,

Garrett Kaske

cc: Counsel of Record (via ECF)