# <u>Exhibit B</u>

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X

KELVIN FRAZIER and ARIEL ALVAREZ, on behalf : 
of themselves and all others similarly situated, and :
KENNETH HOYTE, individually,  :  Case No. 24 Civ. 7364 (AYS)
:
:
Plaintiffs,  :
:
-against-  :
:
LOOKS GREAT SERVICES, INC.,  :
:
Defendant.  :

---------------------------------------------------------------- X

### DEFENDANT'S AMENDED OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF DOCUMENT REQUESTS

Defendant LOOKS GREAT SERVICES, INC. ("Defendant"), by and through its attorneys, Bond Schoeneck & King PLLC, hereby submit their amended responses and objections to Plaintiffs' First Set of Document Requests. These objections and responses reflect the Defendant's current knowledge after a reasonable investigation. Defendant reserves the right to amend and/or supplement these objections and responses in the future as may be necessary or appropriate.

### GENERAL OBJECTIONS

1. Defendant's responses are made without waiving any objection as to relevancy, privilege or admissibility on any ground of any document provided in response to Plaintiffs' Requests and/or any information contained therein in this or any subsequent proceeding or at the trial of this or any other action, or the right to assert additional objections or to move for a protective order should further review of files and/or pre-trial preparation reveal new information with respect to any aspect of Plaintiffs' Requests. A

1

partial response to any individual Document Request to which there has been an objection, in whole or part, is not intended to be a waiver of the stated objection.

2.      Defendant objects to Plaintiffs' Requests to the extent they seek documents that are subject to the attorney-client privilege or any other applicable privilege, constitute trial preparation material or work product, were prepared in anticipation of litigation or are otherwise protected from disclosure under the Federal Rules of Civil Procedure, Local Rules for the United States District Court of the Eastern District of New York, or relevant case law.  Inadvertent disclosure of any such document shall not constitute a waiver of the applicable privilege.  Defendant reserves the right to demand the return or destruction of any document that may have been produced inadvertently during discovery if it determines the document contains privileged material.

3.      Defendant objects to the instruction regarding provision of a privilege log to the extent it seeks to impose an obligation on Defendant to record privilege communications and/or work product that arose after the filing of this action.

4.      Defendant objects to each individual Request to the extent it seeks to impose discovery obligations that differ from or exceed those set forth in the Federal Rules of Civil Procedure, the Local Rules for the United States District Court of the Eastern District of New York, or relevant case law.

5.      Defendant objects to each individual Request to the extent it is overly broad, unduly burdensome or expensive, unreasonably cumulative, or duplicative.

6.      Defendant objects to each individual Document Request to the extent that the documents sought are not relevant to any party's claim or defense and proportional to the needs of the case.

7. Defendant objects to each individual Document Request to the extent the documents sought embody material that is confidential or otherwise protected by law, including, but not limited to, private or personal information about or personnel records relating to an individual(s) other than the Plaintiffs. Defendant will produce such documents pursuant to the Protective Order entered in this action.

8. Defendant objects to each individual Document Request to the extent it requests documents not under Defendant's possession, custody, or control.

9. Defendant objects to each individual Document Request to the extent it requires Defendant to produce documents already within the Plaintiffs' possession, custody, or control.

10. Defendant objects to each individual Document Request to the extent it requires Defendant to produce "each," "any," or "all" documents where doing so would be unduly burdensome or unnecessarily cumulative.

11. Defendant objects to each individual Document Request to the extent it requires Defendant to produce documents that are publicly available.

12. Defendant objects to each individual Document Request to the extent that any term(s) or phrase(s) contained therein is unclear, vague, or ambiguous.

13. In providing the documents requested by the Plaintiffs' Requests, Defendant does not waive any objection with respect to the admissibility of such documents, or any information contained therein, as evidence at trial.

14. Defendant reserves the right to amend, modify and/or supplement the objections and/or responses contained herein at any time before trial if and when more information and/or documents become available to Defendant.

3

15. Defendant submits these general objections and responses to Plaintiffs' Requests subject to these objections without waiving and/or expressly reserving such objections and expressly reserving the right to change, modify, supplement, or clarify the objections and responses herein at any time before trial.

16. Each of these general objections is continuing and shall be deemed incorporated in Defendant's responses to each of the individual Document Requests below.

## DOCUMENTS REQUESTED

### A. Public Work Contracts and Prevailing Wage Materials

Request No. 1: All Public Work Contracts performed by Defendant during the Relevant Period.

Response to Request No. 1: All categories of documents in Defendant's possession, custody, and control responsive to this request are produced contemporaneously herewith via sharefile in the folder designated "Jobs".

Request No. 2: All prevailing wage schedules attached to or incorporated into any Public Work Contract.

Response to Request No. 2: All categories of documents in Defendant's possession, custody, and control responsive to this request are produced contemporaneously herewith via sharefile in the folder designated "Jobs".

Request No. 3: All documents identifying required classifications for work under any Public Work Contract.

Response to Request No. 3: All categories of documents in Defendant's possession, custody, and control responsive to this request are produced contemporaneously herewith via sharefile in the folder designated "Jobs".

Request No. 4: All bid submissions, pricing sheets, and proposal packages for Public Work Contracts which were either submitted during the Relevant Period or resulted in a Public Work Contract under which Class Members performed work.

Response to Request No. 4: All categories of documents in Defendant's possession, custody, and control responsive to this request are produced contemporaneously herewith via sharefile in the folder designated "Bids".

4

Request No. 5:    All certifications or compliance statements submitted to public agencies relating to prevailing wage obligations.

Response to Request No. 5:    All categories of documents in Defendant's possession, custody, and control responsive to this request are produced contemporaneously herewith via sharefile in the respective folders assigned to the projects and contracts responsive in the Relevant Period.

Request No. 6:    All correspondence with any governmental entity relating to prevailing wage compliance.

Response to Request No. 6:    To the extent not contained in the previous responses (and in the designated folders referenced therein), documents in Defendant's possession, custody, and control responsive to this request are produced contemporaneously herewith via sharefile in the folder designated "Communications with DOL."

Request No. 7:    All certified payrolls submitted by Defendant to any governmental entity relating to Public Work Contracts.

Response to Request No. 7:    All categories of documents in Defendant's possession, custody, and control responsive to this request are produced contemporaneously herewith via sharefile in the folder designated "Jobs".

## B.  Timekeeping Records and Systems

Request No. 8:    All timekeeping records, including raw data exports, for Plaintiffs and all Crew Members, including but not limited to logs and notes from timekeeping applications.

Response to Request No. 8:    To the extent not contained in the previous responses (and in the designated folders referenced therein), documents in Defendant's possession, custody, and control responsive to this request are produced contemporaneously herewith via sharefile in the folders designated "Jobs" and "Payroll Records."

Request No. 9:    All manuals, training materials, or instructions regarding how Crew Members should clock in, record or classify their work, and record machinery operated.

Response to Request No. 9:    To the extent not contained in the previous responses (and in the designated folders referenced therein), documents in Defendant's possession, custody, and control responsive to this request are produced contemporaneously herewith via sharefile in the folder designated "Jobs"

Request No. 10:  All versions of Defendant's timekeeping policies.

5

<u>Response to Request No. 10:</u>    To the extent not contained in the previous responses (and in the designated folders referenced therein), documents in Defendant's possession, custody, and control responsive to this request are produced contemporaneously herewith via sharefile in the folder designated "Jobs"

<u>Request No. 11:</u>  All communications directing Plaintiffs or Crew Members regarding timekeeping, classifications, or machinery-time recording.

<u>Response to Request No. 11:</u>    To the extent not contained in the previous responses (and in the designated folders referenced therein), documents in Defendant's possession, custody, and control responsive to this request are produced contemporaneously herewith via sharefile in the folder designated "Jobs".

## C.  Payroll Records and Pay Rate Materials

<u>Request No. 12:</u>  All payroll records, wage statements, paystubs, payroll ledgers, and compensation summaries for Plaintiffs and Class Members.

<u>Response to Request No. 12:</u>    All categories of documents in Defendant's possession, custody, and control responsive to this request are subsumed in the prior responses and produced contemporaneously herewith via sharefile.

<u>Request No. 13:</u>  All documents reflecting the calculation or projection of labor costs for Public Work Contracts.

<u>Response to Request No. 13:</u>    All categories of documents in Defendant's possession, custody, and control responsive to this request are produced contemporaneously herewith via sharefile in the folder designated "Bids".

## D.  Communications and Complaints About Pay Practices

<u>Request No. 14:</u>  All communications to or from Plaintiffs concerning wage rates, pay classifications, overtime, or prevailing wage issues.

<u>Response to Request No. 14:</u>    To the extent not contained in the previous responses (and in the designated folders referenced therein), documents in Defendant's possession, custody, and control responsive to this request are produced contemporaneously herewith via sharefile in the folder designated "Jobs".

<u>Request No. 15:</u>  All communications from Crew Members complaining about pay, misclassification, prevailing wage issues, or underpayment.

<u>Response to Request No. 15:</u>    To the extent not contained in the previous responses (and in the designated folders referenced therein), documents in Defendant's possession, custody, and control responsive to this request are produced contemporaneously herewith via sharefile in the folder designated "Jobs".

<u>Request No. 16:</u>  All text messages, WhatsApp messages, or personal-device communications of supervisors relating to pay practices.

<u>Response to Request No. 16</u>      To the extent not contained in the previous responses (and in the designated folders referenced therein), documents in Defendant's possession, custody, and control responsive to this request are produced contemporaneously herewith via sharefile in the folder designated "Jobs".

<u>Request No. 17:</u>  All emails from company domains relating to wage rates, classifications, prevailing wages, or overtime.

<u>Response to Request No. 17:</u>      All categories of documents in Defendant's possession, custody, and control responsive to this request are subsumed in the prior responses and produced contemporaneously herewith via sharefile.

<u>Request No. 18:</u>  All communications involving Marcus Pitts relating to wage rates, classifications, or overtime.

<u>Response to Request No.18:</u>      All categories of documents in Defendant's possession, custody, and control responsive to this request are subsumed in the prior responses and produced contemporaneously herewith via sharefile.

<u>Request No. 19:</u>   All notes, recordings, or summaries of meetings where pay concerns were raised, including the June 2022 meeting alleged in Complaint ¶ 49.

<u>Response to Request No. 19:</u>      Defendant states that, after diligent search, it is not in the possession, custody, or control of documents responsive to this request.

<u>Request No. 20:</u>  All HR or managerial investigations of employee complaints regarding any Crew Members' overtime rate or prevailing wage rate. This request extends to three years prior to the start of the relevant period.

<u>Response to Request No. 20:</u>      All categories of documents in Defendant's possession, custody, and control responsive to this request are subsumed in the prior responses and produced contemporaneously herewith via sharefile.

**E.  Machinery Operation and Work Assignment Materials**

<u>Request No. 21:</u>  Documents sufficient to show all machinery, whether owned, leased, or otherwise operated by Class Members during the Relevant Period.

<u>Response to Request No. 21:</u>      All categories of documents in Defendant's possession, custody, and control responsive to this request are subsumed in the prior responses and produced contemporaneously herewith via sharefile.

<u>Request No. 22:</u>  All daily equipment assignment logs showing which employees operated which machines.

<u>Response to Request No. 22:</u>    All categories of documents in Defendant's possession, custody, and control responsive to this request are subsumed in the prior responses and produced contemporaneously herewith via sharefile.

<u>Request No. 23:</u>  All GPS logs, telematics data, or tracking information reflecting operation of heavy machinery.

<u>Response to Request No. 23:</u>    All categories of documents in Defendant's possession, custody, and control responsive to this request are subsumed in the prior responses and produced contemporaneously herewith via sharefile.

<u>Request No. 24:</u>  All maintenance logs that identify equipment operators.

<u>Response to Request No. 24:</u>    All categories of documents in Defendant's possession, custody, and control responsive to this request are subsumed in the prior responses and produced contemporaneously herewith via sharefile.

<u>Request No. 25:</u>  All safety checklists or inspection sheets identifying machinery operators.

<u>Response to Request No. 25:</u>    All categories of documents in Defendant's possession, custody, and control responsive to this request are subsumed in the prior responses and produced contemporaneously herewith via sharefile.

## F.  Policies, Procedures, and Training Manuals

<u>Request No. 26:</u>  All versions of employee handbooks or manuals.

<u>Response to Request No. 26:</u>    All categories of documents in Defendant's possession, custody, and control responsive to this request are subsumed in the prior responses and produced contemporaneously herewith via sharefile.

<u>Request No. 27:</u>  All written job descriptions or job postings for Crew Members, Groundmen, Tree Trimmers, machinery operators, or other titles worked by Class Members.

<u>Response to Request No. 27:</u>    All categories of documents in Defendant's possession, custody, and control responsive to this request are subsumed in the prior responses and produced contemporaneously herewith via sharefile.

<u>Request No. 28:</u>  All policies governing wage statements, payroll, prevailing wage compliance, and overtime calculations.

<u>Response to Request No. 28:</u>   All categories of documents in Defendant's possession, custody, and control responsive to this request are subsumed in the prior responses and produced contemporaneously herewith via sharefile.

### G.   Contract Performance Records and Financials

<u>Request No. 29:</u>  All documents showing hours billed to government agencies for Public Work Contracts.

<u>Response to Request No. 29:</u>   To the extent not contained in the previous responses (and in the designated folders referenced therein), documents in Defendant's possession, custody, and control responsive to this request are produced contemporaneously herewith via sharefile in the folder designated "Jobs".

<u>Request No. 30:</u>  All documents showing labor categories billed to government agencies.

<u>Response to Request No. 30:</u>   To the extent not contained in the previous responses (and in the designated folders referenced therein), documents in Defendant's possession, custody, and control responsive to this request are produced contemporaneously herewith via sharefile in the folder designated "Jobs".

<u>Request No. 31:</u> All audits or correspondence regarding labor classifications in connection with Public Work Contracts.

<u>Response to Request No. 31:</u>   To the extent not contained in the previous responses (and in the designated folders referenced therein), documents in Defendant's possession, custody, and control responsive to this request are produced contemporaneously herewith via sharefile in the folder designated "Jobs".

<u>Request No. 32:</u>  All documents concerning any withholdings, penalties, or disputes with agencies related to prevailing wage compliance.

<u>Response to Request No. 32:</u>   To the extent not contained in the previous responses (and in the designated folders referenced therein), documents in Defendant's possession, custody, and control responsive to this request are produced contemporaneously herewith via sharefile in the folder designated "Jobs".

**H. Prior Investigations, Lawsuits, Enforcement Actions, and other Materials Related to Good-Faith Defense and Willfulness**

Request No. 33: All documents relating to any investigation of Defendant by the United States Department of Labor, New York State Department of Labor, Suffolk County District Attorney, or local agencies. This Request expressly seeks documents both within and outside the Relevant Period.

Response to Request No. 33: To the extent not contained in the previous responses (and in the designated folders referenced therein), documents in Defendant's possession, custody, and control responsive to this request are produced contemporaneously herewith via sharefile in the folders designated "Jobs" and "Ayala Action".

Request No. 34: All documents from prior wage lawsuits involving Defendant, including pleadings, settlement agreements, responses to interrogatories, responses to discovery requests, sworn statements, and deposition transcripts. This Request expressly seeks documents both within and outside the Relevant Period.

Response to Request No. 35: To the extent not contained in the previous responses (and in the designated folders referenced therein), documents in Defendant's possession, custody, and control responsive to this request are produced contemporaneously herewith via sharefile in the folder designated "Ayala Action".

Request No. 35: All documents discussing rulings, decisions, or opinions rendered by any court or administrative agency relating to Defendant's classification of Crew Members and payment of overtime. This Request expressly seeks documents both within and outside the Relevant Period.

Response to Request No. 35: To the extent not contained in the previous responses (and in the designated folders referenced therein), documents in Defendant's possession, custody, and control responsive to this request are produced contemporaneously herewith via sharefile in the folder designated "Ayala Action".

Request No. 36: All communications with insurance carriers relating to wage claims.

Response to Request No. 36: Defendant states that, after diligent search, it is not in the possession, custody, or control of documents responsive to this request.

Request No. 37: Documents upon which Defendant intends to rely or supporting its Fourth Affirmative Defense. *See* Ans. ¶ 196.

Response to Request No. 37: To the extent not contained in the previous responses (and in the designated folders referenced therein), documents in Defendant's possession, custody, and control responsive to this request are produced contemporaneously herewith via sharefile in the folders designated "Communications" and "Communications with DOL".

<u>Request No. 38:</u>  Documents upon which Defendant intends to rely or supporting its Fifth Affirmative Defense.  *See* Ans. ¶ 197.

<u>Response to Request No. 38:</u>    To the extent not contained in the previous responses (and in the designated folders referenced therein), documents in Defendant's possession, custody, and control responsive to this request are produced contemporaneously herewith via sharefile in the folders designated "Communications" and "Communications with DOL".

<u>Request No. 39:</u>  All time studies, analyses, time-and-motion studies, or similar documents describing the amount of time Plaintiffs or Class Members spent performing job duties.

<u>Response to Request No. 39:</u>    To the extent not contained in the previous responses (and in the designated folders referenced therein), documents in Defendant's possession, custody, and control responsive to this request are produced contemporaneously herewith via sharefile in the folder designated "Jobs".

<u>Request No. 40:</u>  All documents memorializing Defendant's good-faith attempt to comply with the FLSA, NYLL, and prevailing wage obligations.  This demand seeks the communications, reports, advice, or research Defendants obtained, along with any documents reflecting this, from which Defendant determined that its wage-payment policies at issue in this Litigation complied with FLSA, NYLL, and prevailing wage laws of New York.

<u>Response to Request No. 40:</u>    Defendant objects to this request to the extent that it seeks privileged work product. Such work product is withheld on the basis of privilege and is identified as attorney notes and memoranda. Non-work product documents, to the extent that such documents exist, in Defendant's possession, custody, and control responsive to this request are produced contemporaneously herewith via sharefile in the folders designated "Communications" and "Communications with DOL".

Dated: Melville, New York
       February 12, 2026

Respectfully submitted,

BOND, SCHOENECK & KING, PLLC


By:  */s/ Giuseppe Franzella*
Giuseppe Franzella
*Attorneys for Defendant*
68 South Service Road – Suite 400
Melville, New York 11747
(631) 761-0814
gfranzella@bsk.com


To:    **KESSLER MATURA P.C.**
Troy L. Kessler
Garrett Kaske
Benjamin A. Goldstein
534 Broadhollow Rd., Ste 275
Melville, NY 11747
Phone: (631) 499-9100
tkessler@kesslermatura.com
gkaske@kesslermatura.com
bgoldstein@kesslermatura.com

*Attorneys for Plaintiffs and the Class and Collective Actions*


    *         *         *

12