MSS MEISTER SEELIG & SCHUSTER

Valerie K. Ferrier
*Partner*
Direct (212) 655-3589
Fax (212) 655-3535
*vkf@mss-pllc.com*

**Via ECF**
Hon. Anne Y. Shields, U.S.M.J.
United States District Court, E.D.N.Y
100 Federal Plaza
Central Islip, New York 11722

August 20, 2026

**Re: *Frazier v. Looks Great Services, Inc.*, Case No. 24 Civ. 7364 (JS)(AYS)**

Dear Judge Shields:

We write on behalf of Defendant in opposition to Plaintiffs' request for class discovery. DE #30. The unique procedural posture of this case counsels against granting Plaintiffs' request. The parties consented to Step One of FLSA collective certification over a year and a half ago. DE #11. The opt-in period ended fifteen months ago on May 19, 2025. Only one person opted in (DE #16), and he has now refused to continue participating in this case.[1] Further, each Plaintiff testified last week that he does not know how much anyone else was paid.[2] Therefore, the FLSA collective cannot be certified at Step Two.

Although the FLSA collective necessarily fails, Plaintiffs nonetheless press for class discovery, arguing that they "are entitled to have enough discovery to 'have a realistic opportunity to meet the Rule 23(a) requirements[.]'"[3] However, the discovery already conducted demonstrates beyond dispute that Plaintiffs have no realistic ability to meet any of Rule 23's elements.[4] Plaintiffs will not be able to certify a class, even with class discovery, so the requested discovery will be

[1] Ex. A. In addition, one of the three original Plaintiffs testified at his deposition last week that he wants to quit the case, and would have settled last year if he had known about the settlement offer Defendant made at that time. Ex. B, 127:22-25, 128:7-25, 139:8-20.

[2] Ex. B, 70:6-25, 71:2-15; Ex. C, 88:8-14, 90:15-20, 91:6-12; Ex. D, 71:7-16.

[3] Citing *Singh v. Anmol Food Mart, Inc.*, No. 22 Civ. 5475, 2024 WL 308241, (E.D.N.Y. Jan. 26, 2024).

[4] *Rahman v. Smith & Wollensky Rest. Group, Inc.*, 2007 U.S. Dist. LEXIS 37642, 2007 WL 1521117, at *3 (S.D.N.Y. May 24, 2007). "[T]o obtain pre-certification discovery concerning class issues, the plaintiff must show that such discovery would be relevant to her future motion for class certification." *Dupres v. Houslanger & Assocs., PLLC*, 2021 U.S. Dist. LEXIS 108513, 2021 WL 2373737, at *2 (E.D.N.Y. June 9, 2021) (cleaned up). Here, there is no realistic chance that a Rule 23 class can be certified, based on Plaintiffs' deposition testimony.

futile. Requiring such futile discovery would thus run afoul of Rule 26's requirements of relevancy and proportionality. *See,* Fed. R. Civ. P. 26(b)(1).

Indeed, we already know that Plaintiffs cannot establish commonality/typicality,[5] because Plaintiffs' case is premised on the contention that their time records, on their face, are inaccurate.[6] Thus, individual inquiries will predominate.[7] Where Plaintiffs themselves dispute the veracity of the information reflected on their time records, a mini-hearing for each employee (none of whom opted into this case) will be required to ascertain whether any of them also dispute the veracity of their own time records.

Nor can Plaintiffs establish numerosity, where there are no opt-ins and they idenitifed only thirteen[8] non-supervisory employees that they worked with during the covered time period, none of whom ever discussed their pay. Thus, Plaintiffs' own testimony forecloses the possibility that the requested documents will satisfy Rule 23's elements.

The cases cited by Plaintiffs are inapposite as they all address cases at the pre-discovery stage. *Singh*, for example, resolved a motion to compel both collective discovery at Step One of the FLSA certitifcation process and class discovery at the outset of the case when the plaintiff had none. Similarly, *Fulton v. City of New York,* 2023 WL 130826, at *2 (E.D.N.Y. Jan. 9, 2023), sought class discovery where no discovery had yet been conducted. And in *Thompson v. Global Contact Servs., LLC*, 2021 U.S. Dist. LEXIS 57589, *3 (E.D.N.Y. Feb. 16, 2021) the defendants

---

[5] "The commonality and typicality requirements often 'tend to merge into one another, so that similar considerations animate analysis' of both." *Brown v. Kelly*, 609 F.3d 467, 475 (2010).

[6] Ex. C, 51:10-12 ("I was always improperly recording my time"), 55:20-22.

[7] *Eduoard v. Nikodemo Operating Corp.,* 2019 U.S. Dist. LEXIS 130529, *6 (E.D.N.Y. 2019) (Cogan, J.). *See also, Jackson v. Bank of Am., N.A.*, No. 16-CV-787, 2018 WL 3386336, at *4 (W.D.N.Y. July 12, 2018) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 564 U.S. 338, 350 (2011) for the proposition that "[c]ommonality requires the plaintiff to demonstrate that the class members have suffered the same injury. *This does not mean merely that they have all suffered a violation of the same provision of law*.") (emphasis in the original).

[8] "Fewer than twenty-one members dooms a putative class." *Novella v. Westchester Cty.,* 443 F. Supp. 2d 540, 546 (S.D.N.Y. 2006). *See also* Ex. C, 69:6-11, 70:2-6, 120:3-13; Ex. D, 67:13-25, 68:1-9.

resisted pre-FLSA-collective discovery, which Plaintiffs already have,[9] and with which they will not be able to obtain FLSA certification, based on the complete lack of opt-ins.

Plaintiffs also seek non-public records from a prior lawsuit filed against Defendant over a decade ago in 2014 which was subsequently partially dismissed[10] because they argue "these documents speak to employer knowledge," but offer no explanation of relevance. Such documents are totally irrelevant here. In that lawsuit, the plaintiffs asserted different claims, i.e., that Defendant did not pay overtime for hours worked over 40 and that they did not receive wage statements. There were no allegations regarding prevailing wages. Here, Plaintiffs admit that they received overtime and wage statements, although they argue that they did not receive enough overtime and that their wage statements were inaccurate.

Moreover, Plaintiffs fail to explain how Defendant's pay practices from more than ten years ago are relevant to an inquiry as to its current pay practices. Plaintiffs cite no controlling authority supporting production of the non-public litigation documents involving different plaintiffs and different claims. Instead, they rely on a transcript from an unrelated wage and hour case, which also involved sexual assault, battery, and false imprisonment, brought by Plaintiffs' counsel in 2016, in which the court denied a motion to quash, but expressly declined to issue an opinion on the issue. Locating, reviewing, and producing twelve-year-old litigation files would impose a substantial burden on Defendant. Such discovery is neither relevant nor proportionate to the needs of this lawsuit.

Very truly yours,

Valerie K. Ferrier

Valerie K. Ferrier

[9] In Plaintiffs' June 29, 2025 status letter to the Court, the Plaintiffs stated that the "Parties have completed the FLSA discovery process," and "Defendant produced about 4,000 pages of paystubs." (DE #19).

[10] *See, Ayala v. Looks Great Servs*., 2016 U.S. Dist. LEXIS 81912 (E.D.N.Y. 2016) (Spatt, J.).