UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| KELVIN FRAZIER and ARIEL ALVAREZ, on behalf of themselves and all others similarly situated, and KENNETH HOYTE, individually, Plaintiffs, - against - LOOKS GREAT SERVICES, INC., Defendant. | : | No.: 24 Civ. 7364 (JS) (AYS) |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO WITHDRAW AS ATTORNEY FOR OPT-IN PLAINTIFF PORTILLO**

**FACTS**

On October 21, 2024, Plaintiffs filed this wage-and-hour case as a class and collective action. *See* ECF No. 1 (Compl.). At the outset of discovery, the Parties agreed to distribute notice to the conditionally certified FLSA collective. ECF No. 11 (Stip.). During the subsequent notice period, on May 12, 2025, Jose Portillo opted in to this action. ECF No. 16 (Consent).

On May 4, 2026, Defendant noticed Mr. Portillo's and named Plaintiffs' depositions. Defendant took Plaintiffs' depositions, but the Parties could not arrange for Mr. Portillo's. *See* Kaske Decl. ¶ 3. Without waiving attorney-client privilege, Kessler Matura P.C. ("KM") is no longer able to confidently prosecute the claims of Mr. Portillo without his cooperation. *Id.*

Thus, on September 25, KM requested a pre-motion conference to address the instant request to withdraw. *See* ECF No. 35 (Ltr. Mot.). The Court denied the request and instructed KM to file this motion. *See* Ord., dated Sept. 28, 2026.

## ARGUMENT

The Rules of Professional Conduct permit withdrawal if (a) the client fails cooperate in the case, (b) the client "renders the representation unreasonably difficult for the lawyer to carry out employment effectively," or (c) the lawyer has a good-faith belief the court will find some other good cause justifying withdrawal. R. Prof. Conduct ¶¶ 1.16(c)(7), (12). The Local Rules require leave of Court to withdraw as counsel, upon a showing as to the reasons for withdrawal, the case's posture, and whether a retaining or charging lien is being asserted. Local Rule 1.4(b).

The case is presently in discovery. The Parties are to submit a joint status letter by October 5, complete discovery by October 30, and initiate dispositive motion process by December 4. *See* Ord., dated August 28. These existing deadlines will not be affected by the withdrawal.

The Court should grant this motion because KM cannot effectively prosecute his claims without his cooperation. *See* Kaske Decl. ¶ 3. KM is presently unable to arrange for and defend his noticed deposition. *Id*. Further, KM does not assert a retaining or charging lien against Mr. Portillo and will continue to represent the remaining Plaintiffs in this action. *Id*. ¶¶ 6-7.

Mr. Portillo was previously notified of KM's intent to withdraw and is being served with a copy of this request at his last-known mailing and email addresses. *Id*. ¶¶ 4, 7.

## CONCLUSION

For the reasons set forth above, KM respectfully requests the Court issue an order relieving KM as Mr. Portillo's counsel.

Dated: Melville, New York
October 1, 2026

Respectfully submitted,

[signature]

Garrett Kaske

**KESSLER MATURA P.C.**

Troy L. Kessler
Garrett Kaske
Jocelyn Small
445 Broadhollow Road, Suite 316
Melville, NY 11747
Phone: (631) 499-9100
tkessler@kesslermatura.com
gkaske@kesslermatura.com
jsmall@kesslermatura.com

***Attorneys for Plaintiffs, the FLSA Collective, and Putative Class***