KESSLER MATURA

October 5, 2026

**Via ECF**
Honorable Anne Y. Shields
United States Magistrate Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

**Re: *Frazier et al. v. Looks Great Services, Inc.***
**Case No. 24 Civ. 7364 (E.D.N.Y.)**

Dear Judge Shields:

We are attorneys for Plaintiffs. We write with Defendant to provide the Court with the Parties' positions as to FLSA and Rule 23 certification of this matter as per the Court's Order dated August 28, 2026.

Plaintiffs intend to move for class certification under Rule 23. Defendant will oppose that motion. *See* ECF No. 33 (Resp. to Pre-Mot. Conf. Req.) at 1-2 (setting forth arguments against class certification). In conferring, the Parties agreed to them following proposed briefing schedule: (a) Plaintiffs to serve their moving papers by December 4, 2026; (b) Defendant to serve its opposition by January 8, 2027; and (c) Plaintiffs to serve their reply by January 22, 2027. The Parties will serve and file the papers pursuant to the Honorable Judge Seybert's rules, including the bundling rule. *See* Indv. R. & Practices of Hon. Joanna Seybert § III. Plaintiffs will make that motion directly to Judge Seybert because class certification is outside the authority of this Court. *See Reid v. A-Plus Care HHC Inc.*, No. 1:23 Civ. 1163, 2024 WL 5443182, at *3, 4 (S.D.N.Y. Nov. 27, 2024) (noting that a magistrate judge can rule on FLSA conditional certification because it is non-dispositive, but not a Rule 23, even the magistrate judge can make a report and recommendation), *adopted*, 2025 WL 1703066 (S.D.N.Y. June 18, 2025).

Plaintiffs, however, do not anticipate moving for final FLSA certification and may stipulate as such. As the Court is aware, only Jose Portillo opted in to this case. ECF No. 16 (Portillo Consent). He is, however, subject to Plaintiffs' Counsel's motion to withdraw. *See* ECF Nos. 35 (Conf. Req.), 37 (Mot.), 38 (Cert of Serv.). As a result, the Parties' request the Court vacate conditional collective certification.

Lastly, the Parties write with regards to an issue related to these motions and the Court's August 28 Order. Plaintiffs requested that Defendant produce class-wide payroll records and time records. *See, e.g.*, ECF Nos. 30 (Pre-Mot. Conf. Req.) at 2 ("Plaintiffs seek class-wide time and payroll documents"); *see also* ECF Nos. 30-4 & 30-5 at 1 (Sample Time Records). Plaintiffs also requested that Defendant produce files related to prior litigation. *Id*. at 3. Defendant opposed the request. *See* ECF No. 33 (Resp.). The Court granted and denied the request in part:

> Accordingly, this Court grants Plaintiffs' motion to the extent that additional class-wide payroll documents are sought. To the extent

> that Plaintiff seeks documents from a prior lawsuit, that part of the motion is denied, without prejudice, at this juncture for failure to show that any such documents are within the scope of discovery. Payroll documents are within the scope of discovery and must be produced within thirty (30) days.

*See* ECF Ord., Aug. 28, 2026. The Court, however, did not explicitly address the issue of Plaintiff's request for class-wide time records. Defendant then produced the payroll documents, but not the time records.

The Parties met and conferred on this issue on October 5. Plaintiffs confirmed that they expected the production of these documents. Defendant, however, advised that the Court did not compel it to do so, thus it did not supplement their production to provide the class-wide time records.

As such, Plaintiffs respectfully request that the Court grant Plaintiffs leave to renew their pre-motion conference on the class-wide time records or otherwise schedule the Parties for a conference to discuss the matter.

Thank you for the Court's time and attention to this matter.

Respectfully submitted,

Garrett Kaske

cc: All counsel of record (via ECF)