KESSLER MATURA

October 28, 2026

**<u>Via ECF</u>**
Honorable Anne Y. Shields
United States Magistrate Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

**Re: *Frazier et al. v. Looks Great Services, Inc.***
**Case No. 24 Civ. 7364 (JS) (AYS) (E.D.N.Y.)**

Dear Judge Shields:

Plaintiffs' counsel writes to request an extension of the time to complete discovery by 45 days – from October 30 to December 14. As set forth below, Plaintiffs have good cause to extend the deadline to complete discovery. Defendant opposes this request because Defendant believes Plaintiff has all the documents in Defendant's possession. *See* Ex. C (Emls.) at 2-3.

Plaintiffs seek additional time to complete discovery on time records and related matters because several issues have come to the fore after Plaintiffs completed the Rule 30(b)(6) deposition of Marcus Pitts on October 15 and received class-wide time records on October 20. Although Plaintiffs held off on Mr. Pitts' deposition until October 15 because Plaintiffs were waiting on Defendant's production of the payroll documents the Court ordered them to produce by September 30 (*see* ECF Ord., Aug. 28, 2026; ECF No. 30 (Mot. for Conf.) at 2 (describing documents sought)), Plaintiffs took his deposition without the time-records production in hand. *See* ECF Ord., Oct. 6, 2026 (ordering the production of time records); ECF No. 39 (Mot. for Leave) at 2. Mr. Pitts testified that he did not know how the time records were compiled but acknowledged that they must have been sourced from two separate sets of time records. *See* Ex. A (Pitts Dep.) 63:17-64:10. He also did not know whether the time records were pre- or post-edit. *See id.* 114:9-18.

KESSLER MATURA P.C. | 534 Broadhollow Road, Suite 275, Melville, New York 11747 | Tel 631.499.9100
www.kesslermatura.com

To address these issues and others raised in the deposition, Plaintiffs requested the underlying time records and followed up with written discovery on these subjects. *See, e.g.*. Ex. C (Emls.) at 6-7, 9; Ex. D (Pls.' 2d Doc. Reqs.); Ex. E (Ltr.). With regards to the time records, it is our understanding that the older time data ("TSheets") was backed up while the newer records ("BusyBusy") should be accessible, as LGS is still using BusyBusy. *See* Ex. A (Pitts Dep.) 43:22-43:2; Ex. B (Chandonnet Dep.) 72:14-18; Ex. C (Emls.) at 1 (Plaintiffs noted that both systems' websites describe being able to generate the reports sought). Although Defendant contends that they do not have any other responsive documents, after making a production today, the Parties do not have sufficient time to, at least, complete a thorough meet-and-confer on the outstanding documents before October 30.

Moreover, Plaintiffs need additional time to address deficiencies in the time records produced on October 20. *See* Ex. A (Pitts Dep.) 201:2-12; Ex. F (Frazier Paystub) (December 2023); Ex. G (Excerpt of Pls.' Ex. 26) at 2 (last entry May 2023). Plaintiffs are working to compare the time records to payroll records to identify gaps in the production and seek to meet and confer with Defendant on addressing these in short order. *See* Ex. C (Emls.) at 1.

Lastly, the discovery Plaintiffs will seek during this extension is proportional to the needs of the case. To start, resolving the above-described issues with the time records is essential for Plaintiffs to prove and, for Defendant to disprove, the overtime and prevailing-wage-related claims. For instance, these records, at least in part, reflect when employees were doing prevailing wage work and handling heavy machinery, which is central to claims here. Second, although Defendant contends that Plaintiffs cannot make a class-wide showing (*see* ECF No. 33 (Opp. to Mot. for Conf.), Plaintiffs aver that the depositions of Mr. Pitts (the 30(b)(6) witness) and

Defendant's head of payroll, confirmed that Defendant applied common wage-and-hour policies to the putative class that Plaintiffs allege violated the law. Namely, that Defendant did not calculate overtime using a blended rate. *See* Ex. A (Pitts Dep.) 102:3-18, 118:9-19; *see also* Ex. B (Chandonnet Dep.) 28:3-16. And that Defendant applied a policy of paying one hour of Operating Engineer wages per shift (Ex. A (Pitts Dep.) 189:23-190:4; 197:7–10), regardless of how long the worker operated the equipment. *Id*. 197:11-23. It did so while uniformly failed to track how long putative class members used the machinery. *See id*. 227:18–228:25; *see also id*. 203:15-204:14. Relevant to both issues is that the foreman was required to review each worker's time records before payroll was run, and that it was the foreman's job to make sure everybody's time sheets were correct. *See* Ex. B (Chandonnet Dep.) 42:7-43:4; 44:6-14; 45:8-15.

* * * *

For the reasons set forth above, Plaintiffs seek to extend the time to complete discovery by 45 days. This is the third request to extend the discovery deadline. The first request was a joint request to extend discovery by 60 days from July 24 to September 22, to facilitate Defendant's transition to its current counsel. *See* ECF No. 27 (Ltr. to Ct.). The second request was keyed to Plaintiffs' motion to compel. *See* ECF Nos. 31 (Ltr. to Ct.); ECF Ords. Aug. 17, 2026 & Aug. 28, 2026. The discovery deadline Plaintiffs seek to extend was set by Your Honor. *See* ECF No. 23 (Proposed Sched. Ord.); ECF Ord., Oct. 29, 2025.

Respectfully submitted,

Garrett Kaske

Encs.

cc: All counsel of record (via ECF)